# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **NORWOOD COOK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:05CV00018 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Before the court is petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 2005), and the government's Motion to Dismiss. For the reasons set forth below, I will grant the Motion to Dismiss.

I

A grand jury of this court returned a four-count indictment against petitioner Norwood Cook in October 2002, charging him with drug and firearms offenses. On November 12, 2002, Cook pled guilty to Counts One, Two, and Four of the Indictment. The government agreed to dismiss Count Three, to recommend a three-level reduction in the offense level for acceptance of responsibility, and to recommend a sentence at the low end of the applicable Sentencing Guidelines range.

Cook claims that, in order to induce the guilty plea, the government also expressly promised that: (1) before the sentencing it would file a motion for a downward departure based on substantial assistance, and (2) after the sentencing it would file a motion under Federal Rule of Criminal Procedure 35 to further reduce Cook's sentence.

A United States probation officer prepared a Presentence Investigation Report ("PSR"), calculating that petitioner had a Total Offense Level of 33 (which included the three-level reduction for acceptance of responsibility), and a criminal history score of 12. These calculations provided a sentencing range of 210 to 262 months for the drug offenses, and an additional 60 months for the gun offense. Sentencing took place on January 21, 2003. The government filed a motion for substantial assistance, which the court granted. Cook was sentenced to a term of 100 months on Counts One and Four, and a consecutive term of 60 months for Count Two, for a total of 160 months. Cook did not file an appeal, and his conviction became final on February 4, 2003. *See* Fed. R. App. P. 4(b)(1)(A) and 26(a)(2).

Cook filed this § 2255 motion on December 21, 2004. He argues that: (1) the government breached an express promise to file a motion for downward departure; (2) the government breached an oral modification of the Plea Agreement; (3) the United States violated the proffer agreement by introducing in the PSR testimony for

which Cook received immunity; and (4) petitioner received ineffective assistance of counsel because his attorney did not object to the inclusion of such testimony in the PSR.

II

The government argues that the one-year statute of limitations on federal habeas cases contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") forecloses all of Cook's claims. *See* § 2255. Congress passed AEDPA intending, among other things, "to prevent undue delays in federal habeas review." *Wims v. United States,* 225 F.3d 186, 189 (2d Cir. 2000) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000)). With this goal in mind, Congress included a one-year statute of limitations in the federal habeas statute. *See* § 2255.

Section 2255 provides that the limitations period begins at the latest of the following points:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

Cook filed his habeas petition in December 2004, more than one year after his conviction became final in February 2003. However, Cook claims that the government, through its promise to file a Rule 35 motion, impeded the filing of his petition and that he could not have discovered the facts underlying his claims through due diligence. According to petitioner's theory, the 12 month limitations period did not begin until the government's time for filing a Rule 35(b)(1) motion expired, a year after petitioner's conviction became final.

Petitioner argues that the government's promise to file a Rule 35 motion constituted an impediment to the filing of his third and fourth claims: namely, that the government violated the proffer agreement, and that petitioner received ineffective assistance of counsel. Petitioner knew of these claims at the time of sentencing, but contends that he relied on his attorney's judgment and the government's promise to file a Rule 35 motion in dropping his objection to the inclusion of the testimony in question. Thus, he contends that the government's promise constitutes an

- 4 -

impediment under § 2255 and delayed the starting point of the year-long limitation period.

I find that the government's alleged promise did not impede Cook's ability to file a § 2255 petition. The Fourth Circuit has defined the term "impediment" as an "obstruction; hindrance; or obstacle." *Minter v. Beck,* 230 F.3d 663, 666 (4th Cir. 2000) (quoting *Random House Webster's Unabridged Dictionary* 959 (2d ed. 1998)). Although Cook may have relied on the purported promise or on the acumen of his attorney, the decision to postpone the filing of the claims was the result of petitioner's own judgment, and not of any government-created obstacle. *See id.* (holding that futility of seeking relief under state law was not an impediment under § 2254); *Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir. 2000) (holding that a prison lockdown was not an impediment when the prisoner failed to demonstrate that lockdown was not reasonably related to legitimate penological interests). Thus, the government did not impede the filing of any of petitioner's claims.

Similarly, petitioner is not entitled to equitable tolling of his third and fourth claims, as his failure to file a § 2255 petition "was not due to a circumstance external to his own conduct." *Minter,* 230 F.3d at 667. Instead, petitioner chose to wait before filing the claims. As a result, the limitations period for Cook's third and fourth claims began when his conviction became final, and must be dismissed for untimeliness.

The government argues that the remaining two claims—that the government breached an express promise to file a Rule 35 Motion and breached an oral modification of the Plea Agreement—are also untimely under § 2255, because the petitioner could have discovered the factual basis for these claims through due diligence. I disagree. Petitioner could not have reasonably determined, despite due diligence, that the government was not going to file a Rule 35 motion until a year after his conviction became final. Petitioner produces an affidavit in support of his claim that he attempted to contact his attorney several times about the motion in question and received no response. Furthermore, even if petitioner had contacted the court every day, he could not have determined that the government would not file a Rule 35 motion the next day. Due diligence requires reasonable efforts on a petitioner's part, not "repeated exercises in futility." *Aron v. United States,* 291 F.3d 708, 712 (11th Cir. 2002). Petitioner reasonably waited until the year-long period for the government to file a Rule 35(b)(1) motion had expired, and then filed his petition within a year of that date. Therefore, the claim that the government breached an express promise to file a Rule 35 motion is not barred by the time limitations of § 2255.

Nonetheless, petitioner's claims fail because of his assertions during the plea colloquy. During that colloquy, the court asked Cook about any promises made outside the plea agreement:

> THE COURT: Other than the plea agreement, Mr. Cook, has anyone made any other promise or assurance to you of any kind in any effort to induce you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone attempted in any way to force you to plead guilty?
>
> THE DEFENDANT: No, sir.

(Plea Colloquy Tr. 17.)

This sworn testimony directly contradicts petitioner's allegations of an outside promise made by the government. In the absence of extraordinary circumstances, the court must rely on the truth of defendants' sworn statements made during a Rule 11 colloquy. *United States v. Lemaster,* 403 F.3d 216, 221-222 (4th Cir. 2005). Cook has alleged no extraordinary circumstances here that would allow him to renege on his statements. Had the government made a promise outside of the plea agreement, petitioner had no reason to avoid notifying the court of that fact. Because Cook swore in court that no one had made a promise to him outside of the plea agreement,

- 7 -

his subsequent claim that there had been such a promise must be dismissed as false.

*See id.*

### III

Accordingly, I will grant the government's motion to dismiss Cook's petition. An appropriate order shall issue this day.

DATED: October 3, 2005

/s/ JAMES P. JONES
Chief United States District Judge