# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **NORWOOD COOK**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:05CV00018 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

Petitioner seeks relief from the order issued on October 3, 2005, dismissing his Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Specifically, he argues that he is entitled to relief from the judgment because the government fraudulently asserted in its response that no one promised petitioner additional sentence reductions in exchange for his substantial assistance. As the record reflects, I dismissed the action in part because petitioner did not file in a timely manner and in part because his current claims directly contradict his own statements at the guilty plea hearing. He stated to the court under oath that no one had promised him anything outside the provisions of the written plea agreement. (Plea Colloquy Tr. 17.) Absent compelling evidence not present here,[1] I must find the plea hearing

---

[1] Petitioner now presents an affidavit from his trial attorney stating that a representative of the United States Attorney offered petitioner two sentencing options—to be sentenced with no reduction, but be brought back to court within a year for a large reduction, or to be sentenced with a small reduction and be brought back to court for another

statements to be conclusive evidence that no promise of additional sentence reductions was made to petitioner. *See United States v. LeMaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). As petitioner has not demonstrated that any fraud affected the judgment, he has shown no ground for the requested relief.

Accordingly, it is **ORDERED** that the Motion for Relief from Judgment is **DENIED**.

ENTER: July 14, 2006

/S/ JAMES P. JONES
Chief United States District Judge

---

small reduction at a later date. The affidavit from counsel does not explain why I should not consider as conclusive the statements petitioner made under oath at the plea hearing that no such promise existed.