# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **NORWOOD COOK**, | ) |
| | ) Case No. 7:05CV00018 |
| Movant, | ) Case No. 5:02CR30087 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| | ) By: James P. Jones |
| **UNITED STATES OF AMERICA,** | ) Chief United States District Judge |
| | ) |
| Respondent. | ) |

*Norwood Cook, Pro Se.*

Federal inmate Norwood Cook has filed a Motion for Relief from Order, pursuant to Federal Rule of Civil Procedure 60(b)(6). Upon review of the record, I find that Cook's motion is properly construed as a new Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006) and dismissed as successive, pursuant to § 2255(h).

On October 3, 2005, I denied Cook's first § 2255 motion, finding that Cook's claims concerning his plea hearing and sentencing were untimely filed, pursuant to § 2255(f)(1), and that his remaining claims were frivolous, based on his indication under oath at the plea hearing that he had not been promised anything other than as set forth in his written Plea Agreement. *Cook v. United States*, No. 7:05CV00018,

2005 WL 2445452 (W.D. Va. Oct. 3, 2005). Cook now seeks relief from that decision. He claims that in July 2008, he discovered for the first time that his Presentence Investigation Report ("PSR") was amended before sentencing to reduce the drug amounts for which he was held responsible. He then goes on to argue new claims for § 2255 relief based on this newly discovered fact.

Cook's new arguments concerning the amended PSR do not demonstrate that I erred in my previous determination that his original § 2255 claims were untimely under § 2255(f)(1) or frivolous. Therefore, Cook's current claims are not appropriately raised in a Rule 60(b) motion, but are properly considered as a successive § 2255 motion. *See Gonzales v. Crosby*, 545 U.S. 524, 531 (2005) (finding that if a Rule 60(b) motion presents claims that were omitted from a previous § 2255 motion due to mistake or excusable neglect, or offers newly discovered evidence not presented in the prior motion, it is properly classified as a second or successive motion). Cook has not submitted proper certification by the court of appeals authorizing consideration of a successive § 2255 by this court as required under § 2255(h). Therefore, I will construe Cook's motion as a § 2255 motion, direct that it be docketed as such in his criminal file, Case No. 5:02CR30087, and dismiss it without prejudice, as successive pursuant to § 2255(h).

A separate Final Order will be entered herewith.

ENTER: April 22, 2009

/s/ JAMES P. JONES
Chief United States District Judge